

# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 04 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: FOXHOLLOW TECHNOLOGIES, INC. SECURITIES LITIGATION,

MATTHEW ROBERTS, individually and on behalf of all those similarly situated,

Plaintiff - Appellant,

and

MARGARET KOVARIK,

Plaintiff,

v.

FOXHOLLOW TECHNOLOGIES, INC.; JOHN B. SIMPSON; MATTHEW B. FERGUSON,

Defendants - Appellees,

v.

ALI ANKER,

No. 08-16469

D.C. No. 3:06-cv-04595-PJH

MEMORANDUM *

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Third-party-plaintiff.

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted October 6, 2009
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and STROM,[**] District Judge.

Matthew Roberts' ("Roberts") putative securities fraud class action against FoxHollow Technologies, Inc. ("FoxHollow") alleges various misrepresentations relating to FoxHollow's personnel philosophy and plans. Roberts alleges that he purchased FoxHollow stock in reliance on those statements and suffered losses when the dismissal of senior executives revealed that they were false. Because the district court dismissed the Complaint for failure to state a claim, we construe all factual allegations in the light most favorable to Roberts. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The required elements of a private securities fraud action under Rule 10b-5 are: (1) a material misrepresentation or omission of fact, (2) scienter, (3) a

---

[**] The Honorable Lyle E. Strom, Senior U.S. District Judge for District of Nebraska, sitting by designation.

2

purchase or sale of securities in reliance, (4) loss causation, and (5) economic loss. *Metzler*, 540 F.3d at 1061. In securities fraud actions alleging misleading statements or omissions, the plaintiff must plead falsity with particularity. 15 U.S.C. § 78u-4(b)(1) & (2). Although falsity and materiality are mixed questions of law and fact, *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995), their resolution as a matter of law is appropriate if reasonable minds could not differ. *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 450 (1976); *In re Syntex Corp. Securities Litigation*, 95 F.3d 922, 926 (9th Cir. 1996).

The majority of the statements alleged to be misleading deal with FoxHollow's general personnel philosophy and predate the alleged effort to purge the senior management. Roberts does not argue that these statements were false or misleading when made, but rather urges us to recognize a duty to update true statements in the event that circumstances change. Because we conclude that FoxHollow's statements would not be false or misleading even under a duty to update, we do not decide that novel question of law.

Those circuits that have recognized a duty to update true statements have said that it applies only to statements that are clear, factual, and forward-looking, such that some continuing representation remains alive in the minds of investors when circumstances change. *See In re International Business Machines Corporate*

3

*Securities Litigation,* 163 F.3d 102*,* 110 (2nd Cir. 1998); *In re Burlington Coat Factories Securities Litigation*, 114 F.3d 1410, 1431 (3d Cir. 1997); *Backman v. Polaroid Corp.*, 910 F.2d 10, 17 (1st Cir. 1990). Here, FoxHollow's statements did not contain any clear, factual, forward-looking representation that all senior management would be left in place. Even the most concrete of the statements—such as "[t]he loss of any of our senior management team could harm our business," and "[our] overall executive compensation strategy [serves to] attract and retain executives who are critical to Fox-Hollow's long-term success"—do not rise to this standard. Therefore, the statements that predate the alleged efforts to remove senior managers cannot support a securities fraud action.[1]

Roberts also alleges that FoxHollow's account of the resignation of its CEO, Thomas, was materially false or misleading. FoxHollow stated publicly that Thomas was leaving for personal reasons; Roberts alleges he was forced to resign. Though Roberts sufficiently alleges that these statements were false, they were not material. A statement is material for purposes of the securities laws if there is a "substantial likelihood that, under all the circumstances, [it] would have assumed

---

[1]Because we conclude that these statements were not misleading, we need not address whether they fall within the PSLRA's safe harbor provision, 15 U.S.C. § 78u-5(c)(1), an alternative ground for the district court's ruling as to these statements.

actual significance in the deliberations of the reasonable shareholder." *TSC Indus., Inc. v. Northway, Inc.,* 426 U.S. 438, 449 (1976). *Pro forma* claims that an executive is leaving a company for personal reasons are ubiquitous and transparent. Reasonable people usually do not make investment decisions in reliance on them.

In this case, the very facts alleged undermine the materiality of these statements. Analysts reacted to FoxHollow's account of the CEO's resignation with skepticism, speculated that something was amiss, and predicted that there was "another shoe to drop." On the day after FoxHollow claimed the resignation was for personal reasons, the stock price fell sharply. Under these circumstances, the allegation that reasonable investors would purchase stock in reliance on these statements is untenable.

Finally, Roberts seizes on statements made by the Interim CEO, Simpson, upon the announcement of Thomas's resignation, such as "I look forward to leading our outstanding group of senior management until we have named a replacement." While a statement need not be literally false to be actionable under the securities laws, it must at least be reasonably susceptible to an interpretation that is contrary to the true state of affairs. *Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002). Here, Simpson's statements may have supported an inference that he planned to maintain continuity in the senior

5

management team, but he never suggested that each and every senior manager would be retained. There is no conflict between these statements and the fact that two senior managers were let go one month later. While the Complaint alleges that the senior management "included" five people, FoxHollow's public SEC filings make clear that the company had seven senior managers in addition to Simpson. Amendment No. 3 to Registration Statement (Form S-1), at 58 (Oct. 25, 2004). Removing two out of seven senior managers is perfectly consistent with any inference of management continuity that can be gleaned from Simpson's statements. Therefore, Roberts has not adequately alleged falsity with respect to these statements either.[2]

The district court's order of dismissal is AFFIRMED.

_____

[2] Because we conclude that none of the cited statements were materially false or misleading, we do not reach the district court's alternative ground—that Roberts failed to allege facts supporting a strong inference of scienter. *See* 15 U.S.C. § 78u-4(b)(2).